

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

Chester Raymond Bodman #511468

    Plaintiff,

            V.

Aramark Corporation, et. al.,

    Defendants.

_____/

> Case:2:14-cv-14420
> Judge: Lawson, David M.
> MJ: Majzoub, Mona K.
> Filed: 11-18-2014 At 03:28 PM
> PRIS BODMAN V ARAMARK CORPORATION, ET AL (EB)

**NOTICE:**  There is no other suit pending before any other Court addressing the matter expressed within the body of these proceedings now before this Court.

### * Jury Trial Demanded *

### COMPLAINT FOR MONEY DAMAGES AND PUNITIVE DAMAGES

Now comes, Chester Raymond Bodman, Plaintiff, does hereby seek this 42 U.S.C. § 1983 Civil Suit against the Defendant's identified herein, in their Official and Personal capacities, pursuant to 42 U.S.C §1981, §1981a, §1985, §1986, §1988, §1997, §1997e, and §2003e-3 for the actions that adversely affected Plaintiff(s).

1

## PRIOR SUIT DISCLOSURE

In compliance with the Prison Litigation Reform Act, Plaintift is required to disclose any other suit(s) which has been filed in either State or Federal Courts.

This is Complainant's second lawsuit during his incarceration, with the first complaint being filed in the Western District Of Michigan.

The previous lawsuit (Case No. 1:11-cv-600), was not based upon the same or similar facts asserted in this complaint.

In the previous lawsuit Plaintiff and the Defendant's could not reach a settlement prior to trial therefore, Trial commenced.

The previous lawsuit has been resolved, in favor of the Plaintiff, but the Defendant's are now appealing the Judgment and Plaintiff is appealing pretrial orders.

The appeal is pending.

## I.   JURISDICTION

1.   Plaintiff brings this lawsuit pursuant to 42 U.S.C. §1983.   This Court has Jurisdiction under 28 U.S.C. §§1331 and 1343.

## II.   VENUE

2.   The Eastern District Of Michigan is an appropriate Venue under 28 U.S.C. §1391(b)(2) because the events or omissions given rise to the claims occurred in this District.

## III.   PARTIES

3.   Plaintiff, Chester Raymond Bodman, was at all times relevant to this action an inmate at the Saginaw Correctional Facility which is located in the Eastern District Of Michigan.

4.   Defendants, The Aramark Corporation, was at all times relevant to this action, the company in charge of Food Services at the Saginaw Correctional Facility and the entire State of Michigan's Department of Corrections.   This would include Aramark employee's **DAVRE DAVIDSON,** who is the founder, **BOB MARSHALL** who is senior Vice President, **JOSEPH NEUBAUER,** who is chairman, **ERIC J. FOSS,** who is Chief Executive Officer, and **CHRISSY SHARP,** who is/was Food Service Director at the Saginaw Correctional Facility.

5. Defendant, **OBELL THOMAS WINN,** who was at all times relevant to this action, the Deputy Warden of the Saginaw Correctional Facility. He was in charge of over seeing prisoner transfers which were requested by food service director Chrissy Sharp.

## IV.   FACTUAL ALLEGATIONS

1.   Plaintiff is currently residing at the Kinross Correctional Facility, 16770 South Water Tower Drive, Kincheloe, Michigan 49788.

2.   Plaintiff has submitted an **"ADMINISTRATIVE COMPLAINT"** with the Defendant's dated August 15, 2014, entitled **"NOTICE OF CLAIM"**. Requesting Defendant's to respond prior to Plaintiff filing suit against them.

3.   Plaintiff attest that in addition, the following information is necessary for the record, which reads as follows:

4.   Saginaw Correctional Facility Food Stewards that were employed by the State Of Michigan, Sostac, Rogers, Konwinski, Kraft, Decker, Conley, and Riser, all informed the Inmate Food Service Workers that The Aramark Corporation would be taking over Food Services for the State of Michigan.

4.   Inmate Food Service Workers were informed that we would not lose our jobs but the above mentioned State Employee's would.

6.   The Aramark Corporation Officially took over Food Services at the Saginaw Correctional Facility in December of 2012.

7.   Inmate employment went unchanged for one month, then rumors began to surface that The Aramark Corporation was going to eliminate inmates pay that were receiving bonus pay.

4

8.    Inmates began to inquire about the rumors and Aramark Supervisors, Rammy, Schendel, Patterson, and Bradd all confirmed that indeed bonus pay would be eliminated.

9.   When discussing the elimination of bonus pay, Aramark employee Schendel informed a group of inmate workers that if they received bonus pay, Mrs. Sharp put their names on a list to be transfered out of Saginaw.

10.   Aramark employee's informed inmate workers that "the list" was a conspired agreement between their boss (Food Service Director, Chrissy Sharp) and the (Deputy Warden, Obell Thomas Winn).

11.   When discussing "the list" with Aramark employee Patterson, he informed a group of inmate workers that "the list" was not limited to only bonus paid inmate workers. "The list" also included many top paying food service positions.

12.   Instantly, Top Paid and Bonus Paid inmate food service workers began to be transferred out of Saginaw Correctional Facility.

13.   Many inmates were scared of "the list" and wanted to know if their names were on it.  Many inmates worked for food services for a number of years.

14.   Most of the Top Paid inmate workers and Bonus Paid workers were

housed on the Honor Wing because this was a special wing designated for inmates that remained misconduct free, held their jobs, and generally done well.

15. Ms. Novak was the Counselor for the Honor Wing and many inmate food service workers went to her to inquire about "the list". Ms. Novak informed many inmates that were on "the list", that if she could, she would try to send "Her Honor Wing Inmates" to their desired facility.

16. Ms. Novak, while confirming "the list", claimed that she could only confirm that Bonus Paid inmates were on "the list". She claimed that the Top Paid inmate workers "got added by the week".

17. By February 2013, inmate food service workers began riding out, one, two, or three inmates would ride out every week.

18. Many of the food service inmate workers being transferred were ticket free, with excellent work reports, and were Honor Wing inmates, that worked had for food services and worked their way up to top pay. They worked had to remain on the Honor wing, and put in a lot of years to get where they were.

19. The Aramark Corporation and the Warden had no right to conspire against inmates, no reason to force a transfer on so many inmates, only to achieve whatever agenda they were striving towards.

20. There was many other options available to the Defendant's.

21. The Defendant's could have required inmates to forfeit their bonus pay, they could have placed top paid inmates in lower paying positions. They could have just informed inmates that their employment was no longer required.

22. The Defendant's option was not to take away all of the inmates rights, taking away the inmates option to utilize the inmate grievance process by transferring them. Conspiring against them and segregating them.

23. Inmates have certain rights when it comes to segregation and wrongful termination. The actions taken by the Defendant's were not proper procedure.

24. The Defendant's presented false pretense to Lansing in order to accomplice these inmate transfers.

25. This Complaint has multiple Plaintiff's, with more to be added following Discovery. The current Plaintiff's may include:

| NAME | NUMBER | DATE OF VIOLATION | LOCATION |
|------|--------|-------------------|----------|
| Lee | 768970 | February 27,2013 | 159-900 unit |
| Robert Lasalle | 453176 | March 13, 2013 | 82-700 unit |
| Lee | 274820 | March 13, 2013 | 76-900 unit |
| Harverd | 276211 | March 13,---- | 199-900---- |
| Denny | 216701 | March 18,---- | 195-900---- |
| Arthur Jones | 468839 | March 20, ---- | 108-900---- |
| Docket | 251004 | March 25,---- | 238-900---- |
| Bowden | 155979 | March 25,---- | 52-900---- |
| Washington | 439520 | April 1, ---- | 16-900---- |
| John Nowak | 243887 | April 8,---- | 21-900---- |
| Chester Bodman | 511468 | April 8,---- | 40-900---- |
| David Goodwill | 622432 | May 15,---- | 85-900---- |

## V. CAUSE OF ACTION

Plaintiff's were denied Due Process and Equal Protection under the Fourteenth Amendment to the Constitution, when:

1. Defendant's conspired together to wrongfully terminate Plaintiff's from work assignment; and

2. Defendants presented false pretenses to Lansing, requesting inmate transfers.

Plaintiff's were subjected to Cruel and Unusual Punishment in violation of the eighth Amendment, when:

3. Defendant's conspired together causing Plaintiff's to be transferred out of Saginaw Correctional Facility "Honor Wing Status", to a STG Disciplinary Facility, When Plaintiff's have done nothing to deserve this action.

## VI STATEMENT OF CLAIM

**1. 42 U.S.C. §1981 Equal Rights Under The Law.**

(a) statement of equal rights. All persons within the jurisdiction of the United States shall have the same rights in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and

to no other.

(b) "Make and enforce contracts" defined. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State Law.

## 2. 42 U.S.C. §1981a DAMAGES IN CASES OF INTENTIONAL DISCRIMINATION IN EMPLOYMENT.

(a) Right of recovery.

(1) Civil rights. In an action brought by a complaining party under *** against a respondent who engages in unlawful intentional discrimination *** prohibited under [42 U.S.C.A. §2000e-3], and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.

(b) Compensatory and punitive damages.

(1) Determination of punitive damages. A complaining party may recover punitive damages under this section against a respondent *** if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the Federally protected rights of an aggrieved individual.

9

(3) Limitations. The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party --- (D) in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000.

(c) Jury Trial. If a complaining party seeks compensatory or punitive damages under this section --- (1) any party may demand a trial by jury.

## 3. 42 U.S.C. §1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS.

Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

## 4. 42 U.S.C. §1985. CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS.

(2) Obstructing justice; intimidating party, witness, or juror. If two or more person in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any Court

of the United States from attending such Court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified,...; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) Depriving persons of rights or privileges.  If two or more persons in any State or Territory conspire ***, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the law; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

## 5. 42 U.S.C. §1986.  ACTION FOR NEGLECT TO PREVENT.

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representative, for all damages caused by such wrongful act, which such person be reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; *** But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

## 6.   42 U.S.C. §1988. PROCEEDINGS IN VINDICATION OF CIVIL RIGHTS.

(a) Applicability of statutory and common law.   The jurisdiction in civil *** matters conferred on the District Courts by the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where *** the Court having jurisdiction of such civil *** cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said Courts in the trial and disposition of the cause....

(b) Attorney's fees.   In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318. *** the Court, in it's

12

discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs....

**7.  42 U.S.C. §1997. DEFINATION. As used in this subchapter---**

(1) The term "institution" means any facility or institution ---

(A) which is owned, operated, or managed by, or provides services on behalf of any State or political subdivision of a State; and

(B) which is

(ii) a jail, prison, or other correctional facility;

(3) The term "person" means an individual, a trust or estate, a partnership, an association, or a corporation;...

**8.  42 U.S.C. §1997e. SUITS BY PRISONERS.**

(a) Applicability of administrative remedies.  No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

(h) "Prisoner" defined.  As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary programs.

**9.  42 U.S.C. §2000e-3.  OTHER UNLAWFUL EMPLOYMENT PRACTICES.**

(a) Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings.   It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

## 10.   REVISED UNIFORM DECEPTIVE TRADE PRACTICES ACT.

§1.  Definition.  As used in this Act, unless context otherwise requires:

(5) "person" means an individual, corporation, government, or governmental subdivision or agency, business trust, estate, trust, partnership, unincorporated association, two or more of any of the foregoing having a joint or common interest, or any other legal or commercial entity;...

§2. Deceptive Trade Practices.

(a) A person engages in a deceptive trade practice when, in the course of this business vacation, or occupation, he:

(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

14

(8) disparages the goods, services, or business of another by false or misleading representation of facts;

(11) makes false or misleading statements of fact concerning the reason for, existence of, or amount of price reductions; or

(12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

(b) In order to prevail in an action under this Act, a complainant need not prove competition between the parties or actual confusion or misunderstanding.

(c) this section does not affect unfair trade practices otherwise actionable at common law or under other statutes of this State.

## 11. UNIFORM COMMERCIAL CODE 1962 OFFICIAL TEXT.

**ARTICLE 2** sales

PART 3. General Obligation and Construction of Contract, §2-301, §2-311, §2-314,

PART 5. Performance, §2-501,

**ARTICLE 3** Commercial Paper.

PART 4. Liability of Parties, §3-313, §3-314, §3-315, §3-316.

**ARTICLE 9** Secured Transactions; Sales of Accounts, Contract Rights and Chattel Paper.

PART 1. Short Title, Applicability and Definitions, §9-103. §9-106, §9-107.

PART 2. Validity of Security Agreement and Rights of Parties Thereto, §9-201, §9-203.

PART 3. Rights of Third Parties; Perfected and Unperfected Security Interests; Rules of Priority, §9-303, §9-304.

15

## RELIEF REQUESTED

Wherefore, Plaintiff respectfully seeks the following relief to be ordered by this Court, which reads:

1.  Issue an order granting 42 U.S.C. §1981, §1981a, §1983, §1985, §1986, §1988, §1997, §1997e, and §2000e-3 as an independent action by Plaintiff.

2.  Issue an Order granting 42 U.S.C. §1981, §1981a, §1983, §1985, §1986, §1988, §1997, §1997e and §2000e-3 as qualifying for 'Class Action' status as there are others in the same or similar situation.

3.  Issue an Order granting Plaintiff's 'Administrative Complaint' as lawful/legal exhaustion against Aramark Corporation where no procedure exist for plaintiff to redress grievances held as outlined in Civil Rights Complaint.

4.  Issue an Order granting lawful/legal 'Notice Of Claim' was served on Aramark Corporation principal and agent, including BOB MARSHALL, Via Expedited Legal Mail to assure 'Proof of Service of Process'.

5.  Issue an Order granting Aramark Corporation did violate 42 U.S.C. §1981 Equal Rights under the Law, §1981a Damages in cases of Intentional Discrimination in Employment, §1983 Civil Action for Deprivation of Rights, §1985 Conspiracy to Interfere with Civil Rights, §1986 Action for Neglect to Prevent, and §2000e-3 other Unlawful Employment Practices, in addition to Revised Uniform

Deceptive Trade Practices Act and Uniform Commercial Code 1962 Official Text.

6.   Issue an Order granting Plaintiff is lawfully and legally entitled to damages for intentional discrimination.

7.   Issue an Order granting punitive damages for misapplication of law.

8.   Issue an Order granting punitive damages for trespass.

9.   Issue an Order granting punitive damages for deprivation of rights.

10.   Issue an Order granting punitive damages for conspiracy to interfere with Civil Rights.

11.   Issue an Order granting punitive damages for neglect to prevent.

12.   Issue an Order granting punitive damages for vindication of Civil Rights.

13.   Issue an Order granting punitive damages for deceptive trade practices.

14.   Issue an Order granting punitive damages for violation of

17

Plaintiff's Contractual Rights afforded under the Uniform Commercial Code and Commerce Clause.

15. Issue an Order granting Plaintiff Attorney Costs and fees associated with this Civil Action against Aramark Corporation, including all Court costs and fees incurred by Plaintiff in pursuit of this Civil Action.

16. Issue an Order granting each injured party be reinstated employment status within Aramark Corporation Food Service occupation without delay at the top pay/bonus pay wage as was earned at the time of the removal from same employment.

17. Issue an Order granting Plaintiff to add additional Defendants as they become known and where evidence would sustain such in these matters.

18. Issue an Order granting Plaintiff designation of this Civil Action Suit as a Class Action upon confirmation that additional injured parties were subject to the same or similar treatment by Aramark Corporation.

19. Issue an Order permitting appointment of counsel for Plaintiff's, should any amendment be required in this matter.

20. Provide any other relief deemed proper and just.

18

Respectfully Submitted,

*Chester R. Bodman*

Chester Raymond Bodman #511468

Kinross Correctional Facility

16770 S. Water Tower Drive

Kincheloe, MI 49788

 

    I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on: *August 14*, 2014     /s/ *Chester R Bodman*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


State of MICHIGAN        )
                         ) ss.              Affidavit of: WASHINGTON #A439520
County of CHIPPEWA       )


I, WASHINGTON, do hereby attest to the following to the best of my personal
knowledge and declare same true, complete, correct and accurate; I attest to the
following testimony, which reads:

1. I was employed at the SAGINAW CORRECTIONAL FACILITY Food Service assignment
from OCTOBER 31, 2007.

2. I resided at SAGINAW CORRECTIONAL FACILITY for approximately 11½ years

3. I was informed that because of my employment provided Bonus Pay wages I would
be transferred in order to cut expenses in Food Service, per agreement between
ARAMARK, Inc. Director CHRISSY SHARP and Deputy Warden OBELL THOMAS WINN, pursuant
to MS. SHARP notice given.

4. I was dependent upon employment and Bonus Pay earnings as I have no other
source of income to sustain the necessities and general living expenses.

5. I have been transferred to a disciplinary institutional setting that houses STG
prisoners, gang associated groups and predators.

6. I have been adversely affected by ARAMARK, Inc. and Deputy Warden OBELL THOMAS
WINN 'off the record' mutual Contract Agreement to eliminate Bonus Pay earning
prisoners from the SAGINAW CORRECTIONAL FACILITY Food Service services.


If called to testify to these above stated facts, I shall do so as stated and
declared herein above and contained within this Affidavit. I declare same under
penalty of perjury. 28 U.S.C. §1746(1).

Subscribed and sworn to                    /s/ Charlie Washington
before me, a Notary Public, on                 Affiant
this ___ day of _____, 2014.

_____
Notary Public Signature/Stamp

My Commission Expires:_____.


James A Myers
Notary Public, State of Michigan
County of Chippewa
Expires: 10/16/2019
Acting in the County of Chippewa

I am John T. Nowak, prison #243887.   I am providing this statement against Aramark and Deputy Warden Winn.   I swear to everything stated herein as being true.

I was employed at the Saginaw Correctional Facility, in food services, from August 13, 2012, through April 8, 2014.  It took me a long time but I worked my way up to a top paid position, as first shift baker.   In addition to making top pay/skilled labor, I was also entitled to an extra 5% due to my Food Tech Certificate.

I seen many food service workers ride out after Aramark took over in Saginaw, all of which were bonus paid or top paid inmates. I was informed by Aramark employee "Schendel" that because of my top pay wage and my extra pay incentive, that I would also be transferred in order to cut Aramark expenses, per agreement between Aramark Food Service Director Chrissy Sharp and Deputy Winn.  Ms. Sharp provided Deputy Winn with a list of inmates in which to be transferred.

I have been adversely affected by Aramarks actions to eliminate bonus pay and top paid positions from the Saginaw Correctional Facility.  I am now without employment and I was dependant on not only my job but also my extra bonus pay, as I have no other sourse of income.   I was at the Saginaw Correctional Facility for approximately 5 years, where I was close to family, as I am a citizen of Saginaw.  I am 51 years of age and have been transferred to a disciplinary institution, hundreds of miles away, which houses STG prisoners, gang associated groups and predators.

I have done nothing to deserve this fetaliation against my job, pay, or my housing.  I have good work reports and do not have any

misconducts.    I   was   even   on   the   honor   wing   at   the   Saginaw
Correctional Facility.

    If  I  am  called. to  testify,  I  will  do  so  as  stated above and I
swear under the penalties of perjury that the above statement is
true.

                          _John T Nowak_   8-15-14

                         John T. Nowak

                         Kinross Correctional Facility

                         16770 S. Water Tower Dr.

                         Kincheloe, MI 49788

My name is David Goodwill, my prison # is 622432.  I am
writing this statement in regards to the effect **Aramarks** actions
have had on me.  I started working for food services at the
Saginaw Correctional Facility on or about May 23, 2012.  I
continued working in food services for 2 years and 2 months.

I began my employment receiving the lowest pay wage and had
to work my way up to a top paid position.  I became the second
shift baker, to other inmates I was known as "Baker Dave".

Shortly after The Aramark Corporation took over food
services, we began to hear rumors that those inmates who received
bonus pay, were going to be stripped of that extra pay.  But
instead of taking their bonus pay, one at a time these inmates
began to ride out.

Then after a few more weeks, we began to hear that some top
paid food service positions were also going to start riding out,
because The Aramark Corporation was trying to save money.  I was
informed that because I was receiving top pay wages, I would be
transferred, to eliminate that pay wage.  They would be replacing
my position with a lower paid inmate, or they were not going to
fill that position at all.

On May 14, 2014, I was told by Housing Unit staff to pack my
property because I would be transferring on the 15th.  I was told
by guys that worked closely with Ms. Sharp, including Aramark
employee "Bradd" that (Ms. Sharp Aramark food service Director),
was riding me out because she didn't like my attitude, but I
hardly ever seen her.  She worked first shift and 1 second.  I
have never given her any type of attitude.  I worked hard for

1

food services and for a long time.

I watched so many food service workers ride out, and like the rest of these guys, I didn't do anything to deserve being transferred. Most of these guys were good workers, stayed ticket free and even lived on the honor wing in Saginaw.

I have now been transferred to a disciplinary institution that houses pedatorial prisoners that are affiliated with hate groups. I am currently housed at the Kinross Correctional Facility, in Kincheloe, Michigan. I have established good work reports and have been misconduct free for over seven years, adversely, I have been sent to a disciplinary setting which jeopardizes everything I have worked for over the years.

I have been informed that Aramark Food Service Director Chrissy Sharp acted together with Deputy Warden Obell Thomas Winn, to cause my transfer, in order to eliminate my top pay wage, **discriminately.** They should not be allowed to transfer us for their own personal gains. We have lost our jobs, our pay wages, and our honor wing status.

Food service is what I am good at, I am a baker, and now I have to start over at an unskilled pay wage, scraping trays in the dinning room. Why would I even sign up to work for Aramark when they have treated me like this?


I David Goodwill swear to this statement as being true and correct, If called to testify, I will state the same.

David Goodwill #622432
August 15, 2014

2

My name is Chester Raymond Bodman, Prison #511468.   I am currently housed at the Kinross Correctional Facility, in Kincheloe Michigan.   Prior to coming here I was employed at the Saginaw Correctional Facility, in Food Services.   I was at Saginaw for approximately 4 years and started working in food services on May 15, 2013.

I began my employment making a wage of 17.5¢ an hour.   During that period of time I worked multiple 15 hour days, never working less than 9 hours a day and on most weeks, I worked 7 days.   As a result of my commitment, the Food Service Stewards decided to advance me to a higher paying position, so I began receiving 23.5¢ per hour.   I continued to work long hours and on my designated days off.

On September 20, 2013, the food service stewards again decided to promote me to an even higher paying position because of my determination of working more that 200 hours per month.   I was promoted to Food Service Cook and began making the top pay in Food Services.   I held that position until I was transferred to the Kinross Correctional Facility on April 8, 2014.

When the old Food Service Stewards were in the process of being replaced by The Aramark Corporation, they informed inmates that we would keep our jobs and our employment would continue without any significant changes.   This statement was made in response to questions posted by inmates inquiring about our jobs and the Grandfather clause of bonus paid inmates.

Then shortly after Aramark took over the Food Services, we began to hear that bonus paid workers would be losing their bonus pay.   Inquiries were made by inmates directed towards Aramark employees Ms. Rammy, Mr. Schendel, and Mr. Patterson.   We were informed that an agreement was made between Aramark Food Service Director Chrissy Sharp and Saginaw Correctional Facility Administrators, namely Deputy Warden Obell Thomas Winn, to ride out bonus paid food service workers, in order to eliminate their bonus pay.   Furthermore, Aramark employee Mr. Patterson stated that not only would bonus paid inmates be riding out within a month, but also some top paying positions as well.

1

The Aramark Corporation took over Food Services in Saginaw in December 2012. Towards the end of February 2013, bonus paid workers began to be transferred out of Saginaw. Every week one or two inmate food service workers would ride out, all bonus paid or top paid workers. Among the first to be transferred were the 900 Housing Unit, Honor Wing inmates. The Honor Wing is a special wing for inmates that have been misconduct free, for at least 2 years. We had special privileges and the officers tended to be a little more lenient.

Since I have arrived at the Kinross Correctional Facility, I have ran into a number of Ex-Saginaw Food Service Workers that were transferred only because of earning bonus pay or holding a top paid position. They have expressed a significant amount of financial stress and depression due to the way we were treated by The Aramark Corporation and The Saginaaw Correctional Facility Administrators.

These inmates are aware that I have been successful on a previous lawsuit and have asked me to seek compensation on their behalf. These inmates include but are not limited to: ROBERT LASALLE #453176, LEE #768970, LEE #274820, HARVERD #276211, ARTHUR JONES #468839, DOCKET #251004, BOWDEN #155979, WASHINGTON #439520, JOHN NOWAK #243887, DAVID GOODWILL #622432, and Myself CHESTER RAYMON BODMAN #511468. These transfers took place between February 2014 and May 2014 with many more inmates to be added, pending Discovery.

Some of these inmates only want their jobs back, some want their bonus pay reinstated, and others want to be reimbursed for back pay. Each individual inmate has different wants and needs.

The Aramark Incorporation Food Service Director Chrissy Sharp acted in agreement with Deputy Warden Obell Thomas Winn, to put forth the events expressed herein and caused the adverse action affecting these Complainants.

I Chester Raymond Bodman, do hereby swear that this statement is true and correct to the best of my knowledge and belief. I subject myself onto the penalties of perjury.

*Chester R Bodman*

Chester Raymond Bodman #511468
Kinross Correctional Facility
16770 S. Water Tower Drive
Kincheloe, MI 49788

c                                            3

## NOTICE OF CLAIM

Complainant,
Chester Raymond Bodman #511468
Kinross Correctional Facility
16770 S. Water Tower Drive
Kincheloe, MI 49788

       V.

Respondents,
Davre Davidson, Founder,
Bob Marshall, Senior Vice President,
Joseph Neubauer, Chairman,
Eric J. Foss, Chief Executive Officer,
Crissy Sharp, Food Service Director,
Aramark Corporation
Aramark Tower, Center City
PHiladelphia, Pennsylvania, USA

## DEMAND FOR SPECIFIC PERFORMANCE

By:  Chester R. Bodman #511468
     Kinross Correctional Facility
     16770 S. Water Tower Drive
     Kincheloe, MI 49788

1

## PRESENTMENT FOR ACCEPTANCE

1. The Undersigned is competent to state the matters set forth herein, but beyond this Notice and the filing of the Complaint, Complainant's will require representation.

2. The Undersigned has direct knowledge of facts herein and stated for the record of this Notice and request for specific performance.

3. All of the facts stated herein, are true, correct, and complete according to the undersigned's information, knowledge, and belief.

4. The accompanying "Civil Action Complaint" is necessitating either admission or rebuttal of the facts stated herein. Silence or declining to respond to this document could equate to Respondent's acceptance of the facts stated herein.

## LEGAL NOTICE

Complainant shall seek to bring Civil Action proceedings and/or Criminal proceedings with regards to these matters pursuant to title 18 U.S.C. § 241 and § 242 in addition to Complainant's Civil Rights Action Suit. Where evidence suggest other criminal activities are requested to be brought by the United States Attorney under R.I.C.O. violations.

Upon receipt of this Notice, you are to review and respond to the "Civil Action Complaint" and each point and authority as presented. Complainant will allow Respondents 30 days to respond to this Complaint before he files the Complaint with the United States District Court For The Eastern District Of Michigan.

Failure to respond by either an Officer, Agent, or Employee will cause the action to move forward in Court, and the presumption will be taken upon the private and public record that you and your office fully agrees to the points and authorities as being true, correct, and certain. (F.R.C.P. 8d and 8e).

Also your failure to respond will be assent to all pains/penalties that will be sought through Tort applications, as well as may be covered under the Uniform Commercial Code of 1962 Official Text et. seq..

That, Aramark Corporation Respondent(s) does knowingly and intentionally assent that the Undersigned shall be automatically entitled to make claim of Tort liability against Aramark Corporation Founder, Senior Vice President, Chairman, and Chief Executive Officer and such claim is applicable to Insurance Bonds in the sum to be determined by the Civil Action Complaint.

That, Respondent(s) and all interested parties thereof Aramark Corporation shall agree that "Public Notice Of Claim" shall be placed in a Newspaper of significant popularity to give proper Notice to all Creditors, Shareholders, and other persons holding an interest in stocks associated.

The affixed "Civil Action Complaint" and this "Demand For Specific Performance" serves as Complainant's "Administrative Complaint" with The Aramark Corporation, secured parties, and debtors therewith. No other "Notice Of Claim" shall be forged to express and or extend the stipulated time constraints set forth in this document, instrument and record of 30 days, unless writen consent by the Complainant or designated Authorized Representative.

3

The Respondent(s) are hereby Notified that pursuant to Federal Rules Of Civil Procedure 23(a)(1); (b)(1)(B); (b)(3)(D); (c)(1)(A); (C)(1)(B); (g)(1)(A)(ii) and (iii).   Please take Notice that Complainant seeks Trial by Jury and Grand Jury Indictments on any Civil/Criminal proceedings deriving from these matters.

Date; *August 14, 2014*

*Chester R Bodman*

Chester Raymond Bodman #511468

Kinross Correctional Facility

16770 S. Water Tower Drive

Kincheloe, MI 49788

4

_ster Bodman #511985
_ross Correctional Facility
770 _ Water Tower Drive
_cheloe, MI 49738





United States District Court
For the Eastern District of Michigan
U.S. Courthouse, Room 564
231 W. Lafayette Blvd.
Detroit, MI 48226

# CIVIL COVER SHEET FOR PRISONER CASES

| | | | |
|---|---|---|---|
| **Case No.** 14-14420 | **Judge:** David M. Lawson | **Magistrate Judge:** Mona K. Majzoub | |

| **Name of 1ˢᵗ Listed Plaintiff/Petitioner:** | **Name of 1ˢᵗ Listed Defendant/Respondent:** |
|---|---|
| CHESTER BODMAN | ARAMARK CORPORATION, ET AL |

| **Inmate Number:** 511468 | **Additional Information:** |
|---|---|

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**

Kinross Correctional Facility

16770 S. Watertower Drive
Kincheloe, MI 49785
CHIPPEWA COUNTY

---

**BASIS OF JURISDICTION**
    ☐ **2 U.S. Government Defendant**
    ☒ **3 Federal Question**

**NATURE OF SUIT**
    ☐ **530 Habeas Corpus**
    ☐ **540 Mandamus**
    ☒ **550 Civil Rights**
    ☐ **555 Prison Conditions**

**ORIGIN**
    ☒ **1 Original Proceeding**
    ☐ **5 Transferred from Another District Court**
    ☐ **Other:**

**FEE STATUS**
    ☒ **IFP** *In Forma Pauperis*
    ☐ **PD Paid**

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
    ☐ **Yes**        ☒ **No**
   ➢ **If yes, give the following information:**

         Court: _____

         Case No: _____

         Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
    ☐ **Yes**        ☒ **No**
   ➢ **If yes, give the following information:**

         Court: _____

         Case No: _____

         Judge: _____