UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHESTER BODMAN,

      Plaintiff,

v.

      Case No. 2:14-cv-14420
      District Judge David M. Lawson
      Magistrate Judge Anthony P. Patti

ARAMARK CORPORATION, *et al.*,

      Defendants.

_____/

**ORDER HOLDING DEFENDANT ARAMARK CORPORATION'S MOTION TO DISMISS (DE 23) IN ABEYANCE PENDING ITS RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE (DE 22)**

Defendant Aramark Corporation ("Aramark") has failed to timely answer or otherwise respond to Plaintiff's complaint. In addition, Aramark has failed to respond to the Court's April 9, 2015 order to show cause. For the reasons that follow, the Court will hold Aramark's motion to dismiss in abeyance, pending its response to the Court's order to show cause.

**I.**     **BACKGROUND**

On December 22, 2014, a waiver of service upon Aramark was returned executed, making its answer due on or before January 30, 2015. (DE 9.) On the same day, Mark E. Shreve entered his appearance on behalf of Aramark. (DE 8.)

Aramark then failed to timely file an answer or other response to Plaintiff's complaint. In addition, Aramark did not seek an extension of time in which to file its answer or other response.

On April 9, 2015, the Undersigned entered an order requiring Aramark to show cause for its failure to answer or otherwise respond to Plaintiff's complaint. (DE 22.) The order required Aramark to show cause, in writing, on or before April 23, 2015, why the Court should not make an entry of default against it. The Court cautioned Aramark that failure to timely respond to the show cause order would result in the Court directing the clerk to make an entry of default pursuant to Federal Rule of Civil Procedure 55.

On April 17, 2015, Aramark filed a motion to dismiss. (DE 23.) In its motion, Aramark did not address the Court's order to show cause. Nor did it move for an extension of time in which to file such a motion. As of the date of this order, Aramark has not filed any further documents relating to its out-of-time motion or the Court's show cause order.

## II. ANALYSIS

Rule 12(a) provides that a defendant must file a response to a complaint "within 21 days after being served with the summons and complaint" or, where service has been timely waived, within 60 days after the request for a waiver was

sent. Fed. R. Civ. P. 12(a)(1)(A). Pursuant to Rule 6(b), the court *may*, "for good cause, extend the time" in which an act may be done as follows:

> (A)  with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B)  on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(A) & (B).

Here, the waiver was sent on December 1, 2014, making Aramark's response due on or before January 30, 2015. (DE 9.) Aramark did not file an answer or other response, or move for an extension of time prior to that date. Accordingly, the Court may only grant Aramark an extension of time in which to file its response to Plaintiff's complaint on motion upon a finding of excusable neglect.[1]

The Court therefore must address two issues related to Aramark. First, Aramark has thus far failed to respond to the Court's April 9, 2015 show cause order. Filing an out of time motion to dismiss, without seeking leave or even mentioning the show cause order, is not a sufficient response. Accordingly, Aramark is **ORDERED** to respond, in writing, to the Court's April 9, 2015 order to show cause **ON OR BEFORE MAY 5, 2015**. In the event that Aramark again

---

[1] This analysis presumes that an entry of default will not be made. Pursuant to Rule 55(c), the Court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). In any event, Defendant has not made, or attempted to make, either a showing of good cause or excusable neglect.

fails to respond to this order, the Court will direct that the clerk make an entry of default. Following the entry of default, Plaintiff will be entitled to move for default judgment under Rule 55(b)(2).

Second, Aramark's pending motion to dismiss was filed out of time and Aramark has failed to seek leave for such a late filing. If Aramark would like the Court to consider its pending motion to dismiss, it must move for leave to file out of time pursuant to Rule 6(b). When the Court receives Aramark's response to the show cause order and any related motion for leave to file out of time, it will consider whether the motion to dismiss should be considered or stricken. If the Court determines that the motion to dismiss will be considered, it will issue a scheduling order for Plaintiff's response at that time. The Court will therefore hold Aramark's motion to dismiss **IN ABEYANCE** until such a determination has been made. (DE 23.)

    **IT IS SO ORDERED.**


Dated: April 28, 2015                     s/Anthony P. Patti
                                                        Anthony P. Patti
                                                        UNITED STATES MAGISTRATE JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on April 28, 2015, electronically and/or by U.S. Mail.

        s/Michael Williams
        Case Manager for the
        Honorable Anthony P. Patti
        (313) 234-5200