UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHESTER BODMAN,

        Plaintiff,

                                Case No. 2:14-cv-14420

v.                            District Judge David M. Lawson
                                Magistrate Judge Anthony P. Patti

ARAMARK CORPORATION, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S
MOTION TO DISMISS (DE 23) AND TO *SUA SPONTE* DISMISS THE
REMAINDER OF THE ACTION PURSUANT TO 28 U.S.C. § 1915(e)**

**I.**     **RECOMMENDATION**:  The Court should grant Defendant Aramark

Corporation's motion to dismiss because Plaintiff has failed to state a claim upon

which relief can be granted.  (DE 23.)  In addition, the Court should *sua sponte*

dismiss the remainder of this action because Plaintiff has failed to state a claim

upon which relief can be granted as to the remaining Defendants.

**II.**     **REPORT**

    **A.  Background**

        **1.**     **Factual Background**

The Court set out the factual background in this case in its Report and Recommendation dated April 30, 2015. (DE 27.) I incorporate the April 30, 2015 Report and Recommendation and will only set out the facts necessary to dispose of the instant motion. For the purposes of deciding this motion to dismiss, I accept the facts in Plaintiff's complaint as true.

Plaintiff, Chester Bodman, an inmate at the Kinross Correctional Facility ("Kinross") who is proceeding without the assistance of counsel, brings claims under 42 U.S.C. § 1983, asserting violations of the Due Process and Equal Protection clauses of the Fourteenth Amendment and cruel and unusual punishment in violation of the Eighth Amendment related to his employment as a food service worker at the Saginaw Correctional Facility ("Saginaw"). In addition, he brings claims under 42 U.S.C. §§ 1981, 1985, 1986, 1988, and 2000e-3, and under the "Revised Uniform Deceptive Trade Practices Act," and Articles 2 and 9 of the Uniform Commercial Code ("UCC").[1] Specifically, he asserts that when the Aramark Corporation ("Aramark") took over prison food service from the State of Michigan in December 2012, the inmate food service workers were improperly terminated and transferred out of Saginaw. (DE 1 at ¶ 6.) In February 2013,

---

[1] Plaintiff also mentions 42 U.S.C. §1997 in his complaint, but does not indicate on what grounds he could possibly bring suit under this statute, which merely outlines the process by which prisoners file suit. Accordingly, to the extent Plaintiff attempts to bring a claim under § 1997, I recommend that it be dismissed for failing to state a claim upon which relief can be granted.

2

Aramark supervisors eliminated bonus pay for inmate workers and began transferring the inmates who were formerly the top-paid food service workers. According to Plaintiff, this represented a conspiracy between the Michigan Department of Corrections ("MDOC") and Aramark to "force a transfer on so many inmates, only to achieve whatever agenda they were striving toward[]." (Id. at ¶ 19.) In support of his complaint (and in an apparent attempt at a class-action), Plaintiff provides the affidavits of several other inmates similarly impacted. In his own affidavit, Plaintiff explains that he began working in food services at Saginaw on May 15, 2013. (DE 1 at 25.) He describes multiple promotions and pay raises until his April 8, 2014 transfer to Kinross. (Id.) He attributes his transfer to the conspiracy between the MDOC and Aramark.

Plaintiff names as Defendants MDOC personnel, as well as Aramark, its founder, its former Regional Vice President, and its former CEO.[2] He asks the Court to award injunctive relief, including reinstatement to his position, declaratory relief, and an unspecified amount of compensatory and punitive damages.

### 2.    The Instant Motion

On June 5, 2015 the Court granted MDOC Defendant O'Bell Thomas Winn's motion for summary judgment and dismissed Plaintiff's claims against him

---

[2] Aramark Defendants Davre Davidson, Bob Marshall, and Joseph Neubauer have not been served in this matter.

3

for failure to exhaust administrative remedies.  (DE 29.)  On April 17, 2015, the

Aramark Corporation ("Aramark") filed the instant motion to dismiss.  (DE 23.)

Aramark asserts that Plaintiff's complaint should be dismissed for multiple

reasons.  First, it asserts that Plaintiff cannot maintain civil rights and Due Process

claims in this matter because there is no constitutional right to or liberty interest in

prison employment.  Next, Aramark argues that Plaintiff cannot state a § 1983

claim against a private entity that is not a state actor.  Third, it contends that

Plaintiff has failed to exhaust his administrative remedies pursuant to 42 U.S.C. §

1997e(a).  Fourth, Aramark asserts that Plaintiff cannot maintain a civil rights

claim under the Revised Uniform Deceptive Trade Practices Act or under the UCC

because he failed to allege deceptive trade practices.   Finally, Aramark argues that

Plaintiff lacks standing to allege claims on behalf of other inmates.

On June 11, 2015, Plaintiff filed a document entitled "Plaintiff[']s  Answer

to MDOC Defendant Winn's Motion for Summary Judgment" (DE 32), and a

second document entitled "Plaintiff[']s  Answer to Defendant Aramark's Motion to

Dismiss (DE 33).  Each of these were one page documents with no brief attached.

On June 16, 2015, Plaintiff filed a response to Defendant Winn's motion for

summary judgment.  (DE 34.)  In this response, Plaintiff asserts that he timely

responded to Defendant Winn's previously granted motion for summary judgment,

despite that document not appearing on the Court's docket.  Nevertheless,

4

Plaintiff's response is not a request for reconsideration of the Court's final decision on Defendant Winn's motion. The Undersigned is therefore left with Plaintiff's two-sentence response to the instant motion, which states the following, in its entirety:

> Plaintiff, Chester Bodman, in the above case moves this court to grant this Answer and Brief in Support of the Plaintiff's Answer to the Defendant Aramark's Motion to Dismiss.
>
> Plaintiff submits this brief in support for the following court action and relief sought.

(DE 33.)

### B. <u>Standard</u>

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference

depends on a host of considerations, including common sense and the strength of

competing explanations for the defendant's conduct." *16630 Southfield Ltd.,*

*P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards

than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520

(1972). However, even in pleadings drafted by *pro se* parties, "'courts should not

have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482

F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989)).

## C. Discussion

The Undersigned will address each of Plaintiff's claims and Defendant

Aramark's arguments in turn.

### 1.    Plaintiff Does Not Have a Constitutional Right to Employment

Plaintiff's constitutional claims, pursuant to § 1983, allege that he and his

fellow inmates were improperly transferred when they began making higher

wages, due to a conspiracy between the MDOC and Aramark.[3] In order to state a

---

[3] Plaintiff does not, however, describe the possible goal of this conspiracy and I
can only speculate that he sees it as a money-saving measure. However, "cost-
cutting alone is not a constitutional violation." *Snead v. Mohr*, No. 12-cv-739,
2015 WL 1208304, at *3 (S.D. Ohio Mar. 16, 2015).

claim under § 1983, a plaintiff must establish that he or she was deprived of a right

"'secured by the Constitution and the laws of the United States' by one acting

under color of law." *Ahlers v. Schebil*, 188 F.3d 365, 370 (6th Cir. 1999) (quoting

*Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)).  "[E]ach defendant's

liability must be assessed individually based on his [or her] own actions."  *Binay v.*

*Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).

Here, as Aramark points out, Plaintiff does not have a Constitutional right to

work or earn wages in prison.  Instead, "[t]he classifications and work assignments

of prisoners are matters of prison administration, within the sound discretion of

prison administrators."  *Majed v. Brown*, 803 F.2d 720, at *1 (6th Cir. 1986)

(citing *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978); *see also Newsom v.*

*Norris*, 888 F.2d 371, 374 (6th Cir. 1989) ("Existing precedent confirms that '[t]he

Constitution does not create a property or liberty interest in prison employment . . .

[and that] any such interest must be created by state law by language of an

unmistakably mandatory character.'") (quoting *Ingram v. Papalia*, 804 F.2d 595,

596-97 (10th Cir. 1986)).[4]  "Further, as the Constitution and federal law do not

---

[4] Prison administrators have broad discretion in the administration of prisons.
*Turner v. Safley*, 482 U.S. 78, 84-85 (1987).  In describing the deference provided
to prison officials in the management of their institutions, the Sixth Circuit has
stated that:

> because the daily operation of a correctional facility poses difficult
> and unique management problems, prison official should be accorded

create a property right for inmates in a job, they likewise do not create a property

right to wages for work performed by inmates." *Carter v. Tucker*, 69 F. App'x

678, 680 (6th Cir. 2003) (citing *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir.

1991) and *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989)).  Even taking

all the facts in Plaintiff's complaint as true, he has not alleged a constitutional

violation because he is not constitutionally entitled to work and wages while

incarcerated.  Nor is he entitled to such under federal statutory law. *See Williams*,

926 F.2d at 997 (concluding that an inmate is not an employee for the purposes of

Title VII "because his relationship with the Bureau of Prisons, and therefore, with

the defendants, arises out of his status as an inmate.").  Accordingly, Plaintiff

cannot make a claim under § 1983.

Similarly, to the extent Plaintiff attempts to make a claim under the Due

Process clause, that claim must also fail.  "The Fourteenth Amendment's Due

Process Clause protects persons against deprivations of life, liberty, or property;

and those who seek to invoke its procedural protection must establish that one of

these interests is at stake." *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005).  As

---

substantial deference in the adoption and implementation of policies
and practices that in their judgment are needed to preserve internal
order and discipline and to maintain institutional security.

*Brown v. Johnson*, 743 F.2d 408, 410 (6th Cir. 1984) (internal quotations omitted).

8

addressed above, Plaintiff is not constitutionally entitled to work and wages and accordingly does not have a liberty or property interest at stake.  *See Carter*, 69 F. App'x at 680.   As such, Plaintiff has failed to plead a Due Process claim.

### 2.      Plaintiff Does Not Set Forth a Claim for Conspiracy

Plaintiff also attempts to bring a claim under 42 U.S.C. § 1985(3), asserting that Aramark conspired with the MDOC to interfere with his civil rights, and those of other inmates.  Section 1985(3), prohibits a conspiracy

> for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws[.]

To prevail on such a claim, a plaintiff must prove four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."  *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983).

Here, as addressed above, Plaintiff has failed to allege that he was deprived of any constitutional rights or privileges.  Again, there is no constitutional right to work as an inmate.  He also fails to plead that he is part of a protected class.  In

fact, he impliedly asserts that *all* of the food service workers were treated in the same way.  (*See* DE 1 at 20-27.)  To the extent Plaintiff attempts to argue that prisoners are a protected class, such an assertion is invalid.  *See Carnes v. Engler*, 76 F. App'x 79, at *2 (6th Cir. 2003) (concluding that inmate plaintiffs were not members of a protected class).  Moreover, his pleadings fail to demonstrate how he was deprived of the equal protection of the laws.  Therefore, Plaintiff's claim under § 1985 fails.[5]

### 3.    Plaintiff Does Not Set Forth a Claim for Discrimination

Plaintiff seems to assert claims of employment discrimination under 42 U.S.C. § 1981, but merely copies and pastes the wording of the statute.  He makes similar allegations pursuant to 42 U.S.C. § 1981a and 42 U.S.C. § 2000e-3 ("Title VII").  Section 1981 "prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors."  *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006). To state a claim under §1981, a plaintiff

---

[5] As a result, Plaintiff's claim under 42 U.S.C. §1986 also must fail, because it is limited to persons "having knowledge that any of the wrongs conspired to be done and mention in section 1985 of this title . . . ."  *See also Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 315 (6th Cir. 2005) ("'where plaintiff has stated no cause of action under § 1985, no cause of action exists under §1986.'") (quoting *Braley v. City of Pontiac*, 906 F.2d at 220, 227 (6th Cir. 1990)).  Likewise, Plaintiff can bring no independent cause of action under §1988 because it is derivative of his other claims under §§ 1982, 1985, and 1986.  *See Allemon v. Bair*, No. 04-72925, 2005 WL 1684153, at *4 (E.D. Mich. July 15, 2005) ("§ 1988 does not provide an independent cause of action.  Because Plaintiff cannot prevail on his civil rights claims, he cannot obtain attorneys fees under § 1988.").

10

must plead that: "(1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Id.* Here, Plaintiff fails under all three elements. He does not allege in his complaint that he has been discriminated against on the basis of race. Instead, he indicates that *all* food service employees were treated in the same way when they were transferred out of Saginaw shortly after Aramark's arrival. Accordingly, his claims pursuant to § 1981 fail.

As Defendant argues, Plaintiff also fails to state a claim under Title VII because he is not (and was never) an employee of Aramark. As Plaintiff quotes in his complaint, it is an "unlawful employment practice for an employer to discriminate against any of its *employees* . . . ." 42 U.S.C. § 2000e-3(a) (emphasis added). An inmate is not considered an employee for the purposes of Title VII. *Williams*, 926 F.2d at 997. Plaintiff therefore fails to make a claim under Title VII.

Because Plaintiff has failed to state a claim under §§ 1981 and 42 U.S.C. § 2000e-3, his § 1981a claim also fails, as that statute deals with damages in cases of intentional discrimination in employment.

### 4. Plaintiff Fails to State a Claim under Either the Revised Uniform Deceptive Trade Practices Act or the UCC

Plaintiff attempts to bring a claim under the Revised Uniform Deceptive Trade Practices Act and the UCC. He does not, however, point to any federal or

state law identifying how those statutes apply to his transfer from Saginaw to Kinross.  His claims under these provisions are so conclusory as to be unrecognizable as actual claims.  *See Frengler*, 482 F. App'x at 976-77 ("'courts should not have to guess at the nature of the claim asserted.'") (quoting *Wells*, 891 F.2d at 594).  Even liberally construing the pleading in the light most favorable to a *pro se* Plaintiff, he has failed to state a claim under either of these statutes.

### 5.   Plaintiff Failed to Exhaust his Administrative Remedies

On June 5, 2015, the Court granted Defendant Winn's motion for summary judgment on the basis that Plaintiff had failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to filing his lawsuit.  Specifically, I concluded that Plaintiff failed to pursue a Step III grievance before filing the instant action, which did not comply with the Michigan Department of Corrections ("MDOC") policy.  (DE 27 at 8-11.)  In making such a finding, I relied on the evidence provided by Defendant Winn, including Plaintiff's "MDOC Prisoner Step III Grievance Report."  (Id. at 8.)  I further noted that Plaintiff's submission of an "Administrative Complaint" was insufficient to exhaust his administrative remedies.  (Id. at 9.)  Finally, I concluded that Plaintiff's assertion that his transfer removed his option to utilize the grievance procedure was contradicted by the MDOC Policy directive on prisoner grievances, which does not preclude inmates from filing grievances, even following a transfer.  (Id. at 10.)

In Count 8 of his complaint, which Plaintiff identifies as "42 U.S.C. 1997e, Suits by Prisoners," Plaintiff acknowledges the duty to exhaust administrative remedies and alleges the definition of a prisoner. (DE 1 at 13, ¶ 8.) Nothing further is alleged. [6] Elsewhere in his pleading, specifically in his prayer for relief, he passively alleges that "no procedure exist[s] for [P]laintiff to redress grievances as outlined in [his] civil rights complaint." (Id. at 16, ¶ 3.) In the instant motion, Aramark sets out the relevant case law, outlines the exhaustion process in the MDOC, and incorporates by reference Defendant Winn's motion for summary judgment with respect to exhaustion. Although I do not see a reason that this issue should be decided differently for Aramark, I decline to convert the instant motion to dismiss into a motion for summary judgment for that purpose. Instead, I recommend granting Aramark's motion to dismiss on the pleadings.

### 6.    The Remaining Defendants

The following individuals remain named as Defendants, but are as yet unserved in this action: Davre Davidson, Bob Marshall, Joseph Neubauer, Erick J. Foss, and Chrissy Sharp. Plaintiff brings this case pursuant to 28 U.S.C. § 1915. (DE 2.) Congress enacted 28 U.S.C. § 1915 seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing

---

[6] Likewise, Count 7 of the complaint, referencing 42 U.S.C. § 1997, alleges nothing more than legal definitions for the terms "Institution" and "person," without more.

13

so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e) as part of the statue, which requires *sua sponte* dismissal of an action upon the court's determination that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.

Here, based on the foregoing, Plaintiff's pleadings fail to state a claim upon which relief can be granted.  Specifically, Plaintiff does not make any additional allegations (other than those addressed in this Report and Recommendation) against the as-yet unserved Defendants.  Instead, all of his allegations relate only to his removal from employment and transfer to Kinross.  As noted above, Plaintiff has not alleged any Constitutional violations upon which this Court can grant relief.

Notably, the only remaining Defendant even referenced in the facts section of Plaintiff's complaint is Chrissy Sharp, who he alleges "put [his] name on a list to be transferred out of Saginaw."  (DE 1 at ¶ 9.)  Plaintiff does not have a constitutional right to remain incarcerated at Saginaw, and therefore he has not alleged that Chrissy Sharp violated a constitutional right by putting his name on a

14

list for transfer. *See Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995) ("Prisoners do not have a constitutional right to be incarcerated at any particular institution."); *see also Meachum v. Fano*, 427 U.S. 215, 228 (1976) ("Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all.").

Accordingly, and for the reasons outlined in this Report and Recommendation, I conclude that Plaintiff has failed to state a claim upon which relief can be granted.  I recommend that the Court: 1) grant Aramark's motion to dismiss (DE 23); and 2) *sua sponte* dismiss Plaintiff's claims against the remainder of the Defendants pursuant to § 1915(e) for failure to state a claim upon which relief can be granted.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

15

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: October 13, 2015            s/Anthony P. Patti
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the forgoing document was sent to parties of parties of record on October 13, 2015, electronically or U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti

16